SOMACH SIMMONS & DUNN, PC
A Professional Corporation
PAUL S. SIMMONS, ESQ. (Or. Bar 971386)
RICHARD S. DEITCHMAN, ESQ. (Or. Bar 154839)
BRITTANY K. JOHNSON, ESQ. (Cal. Bar 282001)
*Pro Hac Vice*
500 Capitol Mall, Suite 1000
Sacramento, CA 95814
Telephone: (916) 446-7979
Facsimile: (916) 446-8199
psimmons@somachlaw.com
rdeitchman@somachlaw.com
bjohnson@somachlaw.com

Attorneys for Defendant-Intervenor
KLAMATH WATER USERS ASSOCIATION

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| THE KLAMATH TRIBES, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION,<br><br>and<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 1:22-CV-00680-CL<br><br>STIPULATION AND [~~PROPOSED~~] ORDER REGARDING KWUA'S DEFENSE OF THIS CASE AS RELATED TO KWUA'S POSITION ON THE APPLICATION OF THE ENDANGERED SPECIES ACT TO THE KLAMATH PROJECT<br><br>Magistrate Judge: Honorable Mark D. Clarke |
| KLAMATH WATER USERS ASSOCIATION,<br><br>Defendant-Intervenor. | |

## RECITALS

Plaintiff The Klamath Tribes (Plaintiff), Defendants United States Bureau of Reclamation and United States Fish and Wildlife Service (Defendants), and Defendant-Intervenor Klamath Water Users Association (KWUA) (all, collectively, "Parties") submit this stipulation and proposed order regarding KWUA's defense of this case as related to KWUA's position on the application of the Endangered Species Act (ESA) to the Klamath Project (Project).

The purpose of this stipulation and proposed order is to conserve the resources of this Court and the parties and to avoid duplicative litigation of certain issues raised in a pending case in the United States District Court for the Northern District of California, *Yurok Tribe, et al. v. United States Bureau of Reclamation, et al.*, Case No. 3:19-cv-04405-WHO (*Yurok*) by limiting the issues actually litigated in this case, namely various defenses asserted by KWUA in *Yurok*.

Specifically, the Parties are also parties to *Yurok,* in which cross-motions for summary judgment have been briefed and were argued on December 7, 2022. KWUA maintains that the briefing in *Yurok* implicates the substantive and procedural requirements of Section 7 of the ESA, 16 U.S.C. § 1536, as well as whether or how Section 9 of the ESA, 16 U.S.C. § 1538, applies to actions that KWUA asserts are nondiscretionary. In that case, KWUA's positions in its defense of a crossclaim against KWUA by the United States and KWUA's claims and positions in the prosecution of a counterclaim against the United States, include: that the United States Bureau of Reclamation (Reclamation) lacks discretion to curtail, or direct the curtailment of, storage, diversion, and delivery of irrigation water for the purpose of benefitting ESA-listed species; that Reclamation lacks discretion to release water stored in Upper Klamath Lake for purposes other than irrigation and domestic use; and (in defense of the crossclaim against KWUA) that federal law does not preempt certain orders issued by the Oregon Water Resources

Department in 2020 and 2021. The Parties to this case, and other parties in *Yurok*, have submitted voluminous briefing in the *Yurok* case regarding KWUA's position on these issues.

It is reasonable to anticipate that the Northern District of California will issue a summary judgment ruling in *Yurok* before this Court hears argument or rules on the merits in this case. It is also reasonable to anticipate that the disposition of these issues by the Northern District may become subjects of appeal in the Ninth Circuit Court of Appeals.

KWUA asserts that, although Plaintiff's claims in this case are not identical to the claims in *Yurok*, absent this stipulation, KWUA would assert some or all of the above-identified defenses to Plaintiff's claims in this case. Absent this stipulation, Federal Defendants would dispute that the defenses referenced above are properly before this Court and contend that they are, in any event, without merit.

To promote judicial efficiency, conserve resources, and avoid the need to fully brief issues that have already been extensively briefed and argued in *Yurok* while protecting their rights to litigate those issues in *Yurok* or other litigation, the Parties have met and conferred and agree to the stipulation below to avoid litigation duplicative of the ongoing proceedings in *Yurok* as it relates to KWUA's position on the above-referenced issues concerning the application of the ESA to the Project. The Parties intend that the stipulation and order ensure that the judgment in this matter does not have preclusive effect with respect to such issues.

Accordingly, the Parties stipulate as follows:

## **STIPULATION**

1. The following issues are not being litigated in this case – in the district court and in any court of appeal, through and including the entry of a final judgment or order of dismissal – and these issues will not be resolved by any decision or order on the merits or by any final

judgment in this matter: whether Reclamation has discretion to curtail, or direct the curtailment of, storage, diversion, and delivery of irrigation water for the Klamath Project for the purpose of benefitting ESA-listed species; whether Reclamation has discretion to release water stored in Upper Klamath Lake for purposes other than irrigation and domestic use; whether any orders issued by the Oregon Water Resources Department to Reclamation in 2020 and 2021 are lawful and enforceable; and whether or how Section 9 of the ESA, 16 U.S.C. § 1538, applies to actions that KWUA asserts are nondiscretionary. The parties agree not to argue that KWUA's failure to assert any of the issues or defenses above in the disposition of this action precludes KWUA from raising any of such issues in other litigation.

2.    The Parties support the inclusion of the language stated in paragraph 1 of this Stipulation in any decision, order, and/or judgment of the Court in this case.

**IT IS SO STIPULATED**

Dated: January 10, 2023

                                      Respectfully submitted,

                                      ROSETTE, LLP

                                      _s/ Jay D. Weiner (with permission)_
                                      JAY D. WEINER
                                      1415 L Street, Suite 450
                                      Sacramento, CA 95814
                                      Telephone: (916) 353-1084
                                      jweiner@rosettelaw.com
                                      _Attorney for Plaintiff The Klamath Tribes_

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

<u>s/ Robert P. Williams (with permission)</u>
ROBERT P. WILLIAMS, Sr. Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Robert.P.williams@usdoj.gov
*Attorneys for Defendants U.S. Bureau of*
*Reclamation and U.S. Fish and Wildlife Service*


SOMACH SIMMONS & DUNN, PC

<u>s/ Richard S. Deitchman</u>
RICHARD S. DEITCHMAN
500 Capitol Mall, Suite 1000
Sacramento, CA 95814
Telephone: (916) 446-7979
rdeitchman@somachlaw.com
*Attorneys for Defendant-Intervenor*
*Klamath Water Users Association*

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 12, 2023

                               */s/ Mark D. Clarke*
                               Mark D. Clarke
                               United States Magistrate Judge