IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH TRIBES, | Case No.: 1:22-cv-00680-CL |
| Plaintiff, | **ORDER APPROVING STIPULATED SETTLEMENT OF PLAINTIFF'S CLAIM FOR COSTS OF LITIGATION INCLUDING REASONABLE ATTORNEY FEES** |
| v. | |
| UNITED STATES BUREAU OF RECLAMATION, UNITED STATES FISH & WILDLIFE SERVICE, | |
| Defendants, | |
| and | |
| KLAMATH WATER USERS ASSOCIATION, | |
| Defendant-Intervenor. | |

**CLARKE**, Magistrate Judge.

This Stipulated Settlement Agreement is made between Plaintiff Klamath Tribes ("Plaintiff") and Federal Defendants the U.S. Bureau of Reclamation ("Reclamation") and U.S. Fish & Wildlife Service ("FWS") ("Federal Defendants") (collectively referred to as "the Parties") to resolve Plaintiff's claim to recover its costs of litigation, including reasonable attorney's fees, incurred in the above-captioned matter pursuant to § 11(g)(4) of the Endangered Species Act, 16 U.S.C. § 1540(g)(4), and the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412(d).

In support of this Stipulation, the Parties state as follows:

1 - Order

WHEREAS Plaintiff filed a complaint in the above-captioned litigation on May 22, 2022, asserting four separate claims for relief against Federal Defendants; and

WHEREAS Plaintiff moved for summary judgment on its claims on November 18, 2022, after which it voluntarily dismissed its third claim for relief against FWS; and

WHEREAS Federal Defendants filed a combined opposition and cross-motion for summary judgment on Plaintiff's claims on January 17, 2023; and

WHEREAS on May 2, 2023, the Magistrate Judge held a hearing on the cross-motions for summary judgment; and

WHEREAS on September 11, 2023, the Magistrate Judge issued Findings & Recommendations recommending that the District Court grant Plaintiff's motion for summary judgment and deny Federal Defendants' cross-motion for summary judgment; and

WHEREAS Federal Defendants filed objections to the Findings & Recommendations on November 15, 2023; and

WHEREAS the District Court adopted the Findings & Recommendations in full on February 7, 2024, and entered a final judgment on February 9, 2024; and

WHEREAS no notices of appeal were filed by any party; and

WHEREAS on May 20, 2024, the Court granted Plaintiff's May 9, 2024 motion for an extension of time to file any motion for recovery of attorneys' fees and/or costs; and

WHEREAS on July 10, 2024, the Court granted Plaintiff's July 8, 2024 motion for a further extension of time to file any motion for recovery of attorneys' fees and/or costs until August 11, 2024; and

WHEREAS without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim for costs of litigation, including attorneys' fees, the Parties have reached a settlement of Plaintiff's claim;

NOW, THEREFORE, in the interests of judicial economy and to avoid the need for further litigation, the Parties, for good and valuable consideration, the adequacy of which is hereby acknowledged, hereby stipulate and agree as follows:

1. Federal Defendants agree to settle Plaintiff's entire claim for any and all attorney and expert witness fees, expenses, and costs in the above-captioned matter by payment to Plaintiff in the amount of $110,000.00 pursuant to Section 11(g) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g).

2. Plaintiff agrees to accept payment of $110,000.00 pursuant to this Stipulated Settlement Agreement in full satisfaction of any and all claims for attorney and expert witness fees, expenses, and costs of litigation in the above-captioned matter, including any claim for fees and costs related to the preparation of Plaintiff's fee application and this Stipulated Settlement Agreement.

3. Plaintiff agrees that receipt of this payment of $110,000.00 shall operate as a complete and total release of any and all claims for attorney and expert witness fees, expenses, and costs of litigation that it possesses against the United States, including each named Federal Defendant, in the above-captioned matter incurred through and including the date of this Stipulated Settlement Agreement.

4. Federal Defendants' payment will be made by electronic funds transfer of the agreed-upon settlement amount ($110,000.00) into the account of Plaintiff identified pursuant to paragraph 5. Plaintiff and its attorneys agree to hold harmless Federal Defendants in any

litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, other than for an allegation of Federal Defendants' breach of this Agreement.

5. Plaintiff agrees to provide to counsel for Federal Defendants within ten (10) business days after the entry of an order approving this Stipulated Settlement Agreement the following information necessary for Federal Defendants to process payment: the payee's name; the payee's address; the payee's account name; the payee's bank account number; the account type; the Automated Clearing House ("ACH") routing number (for ACH payment) or the American Banking Association ("ABA") routing number for FedWire payment; the financial institution's name, city, and state; the bank routing transit number ("RTN"); and the payee's tax identification number.

6. Federal Defendants agree to submit all necessary paperwork for the processing of the subject payment to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g), within ten (10) business days of the court's order approving this Stipulated Settlement Agreement or Plaintiff having submitted the information required by paragraph 5, whichever is later. Following notification from the Department of Treasury that payment has been completed, Federal Defendants' counsel will notify Plaintiff's counsel that payment was electronically transmitted to Plaintiff's account.

7. Nothing in this Stipulated Settlement Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. This Stipulated Settlement Agreement is executed solely for the purpose of compromising and settling Plaintiff's claim for costs of litigation, including reasonable attorney

and expert witness fees, in the above-captioned matter. By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates, in any future litigation or continuation of the above-captioned matter.

9. The Parties agree that this Stipulated Settlement Agreement was negotiated in good faith and constitutes a settlement of claims for attorneys' fees and costs that were vigorously contested, denied, and disputed by the Parties. By entering into this Stipulated Settlement Agreement the Parties do not waive any future claim or defense except those expressly released in this Agreement.

10. This Stipulated Settlement Agreement shall apply to and be binding upon the Parties, and upon Plaintiff's members, delegates, and assigns. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and to legally bind the Parties represented to it.

11. This Stipulated Settlement Agreement represents the entirety of the Parties' commitments with regard to settlement of attorneys' fees, expenses, and costs in the above captioned matter. The terms of this Stipulated Settlement Agreement shall become effective upon entry of an order by the Court approving this Agreement.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated this _15_ day of _August_, 2024

MARK D. CLARKE
United States Magistrate Judge

5 - Order